**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABRAHIM FATA,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-6935** |
| | : | |
| **ARACELLY DELGADO, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**GOLDBERG, J.** **APRIL 23, 2025**

Plaintiff Abrahim Fata, a prisoner currently incarcerated at Lehigh County Jail, brings this *pro se* civil action raising claims concerning his personal property against Defendants Aracelly and Chris Delgado. (ECF No. 2 ("Compl.").) He also alleges an ongoing conspiracy "by Pennsylvania, and New Jersey societies/communities, and governments, since 2017." (Compl. at 8.) Fata seeks leave to proceed *in forma pauperis*, and he has also filed a Motion for Stay of Proceedings (ECF No. 5). For the following reasons, the Court will grant Fata leave to proceed *in forma pauperis*, dismiss the Complaint in its entirety, and deny his outstanding motion.

## I. FACTUAL ALLEGATIONS

Fata avers that he rented a room from Defendant Aracelly Delgado in November 2022. (Compl. at 2.) His plan was to rent the room until his "legal issues [were] solved" and move out within three months. (*Id.*) Fata was introduced to Aracelly's son, Chris Delgado.[1] (*Id.*) Fata asserts that by mid-July, the Delgados "started being hostile, and distant." (*Id.*) Aracelly wanted

---

[1] Fata asserts that he is unsure of Chris's last name, but he nonetheless refers to him as Chris Delgado in the Complaint. (Compl. at 2.) To maintain consistency, the Court will also refer to this Defendant as Chris Delgado.

to increase the monthly rent by $100, but since Fata had recently lost his job, she agreed to keep the monthly rent at $550. (*Id.*) In August, Fata began paying Chris $80 per month so that he could store his tools in Chris's backyard. (*Id.* at 2-3.)

Fata alleges that by September, the Delgados were increasingly hostile and "ignorant." (*Id.* at 3.) They wouldn't let him use the broom to clean his room, and he was not permitted to wash his dishes, use the refrigerator, or have his children visit. (*Id.*) Fata also contends that they didn't "remember [that the] rent went back to $550." (*Id.*) Fata also alleges that he was "attacked by an officer" on September 23, 2023 and the Delgados were notified of this incident. (*Id.*) Fata asserts that he paid his rent and storage fee for October. (*Id.*)

On October 25, 2023, Fata was arrested and incarcerated. (*Id.*) Fata alleges that his friend attempted to retrieve his "belongings" from the Delgados but they would "not pick[] up the phone." (*Id.*) When Fata was finally able to get in touch with them, the Delgados told Fata that "they threw [his] belongings in the garbage." (*Id.*) On a later call, Fata was told something "different." (*Id.*) Fata claims that his daughter has been making weekly payments to the Delgados, and he has been keeping the Delgados updated as to his expected release from prison. (*Id.* at 3-4.)

Fata avers that the Delgados are aware that he is "being oppressed by government officials, systematically." (*Id.* at 4.) He claims that Aracelly wrote to him in December 2024, but the letter was sent back because it did not comply with the jail's mail policies. (*Id.*) He asserts that he spoke with both of the Delgados by phone sometime in December, but they were hostile, and Aracelly yelled at him, telling him that "your problem is your problem." (*Id.*) Fata contends that the Delgados are "assisting with the oppression, as they have no reason to act the way they are," and he asserts that they have "had many chances to be civil, and return [his] property." (*Id.*)

Fata alleges that "[t]here is a conspiracy to coverup a sexual abuse on [his] two kids, and to frame [him]." (*Id.* at 8.) He contends that he's "been severly [sic] oppressed by Pennsylvania, and New Jersey societies/communities, and governments, since 2017, and to the extreme of [his] death, by either manipulating a fatal 'accident' or 'situation', even to push [him] to suicide." (*Id.*) He also alleges that this conspiracy was started by a "[C]hristian religious based organization that has invaded the communities/societies in areas [his] children, and [he] were involved in" and that this conspiracy "recruited many . . . relatives, and government officials" to oppress him "religiously, psychologically, [and] systematically." (*Id.*)

As the basis for his claims, Fata identifies several criminal and civil rights statutes in list form.[2] (*Id.* at 6-7.) The criminal statutes pertain to conspiracy, hate crimes, embezzlement and theft within maritime jurisdiction, obstruction of justice, RICO, domestic violence, stalking, and torture.[3] (*Id.*) Specifically, Fata lists, without explanation, federal criminal statutes, 18 U.S.C.

[2] A passing reference without factual support is not sufficient to bring claims before a court. *Brown v. Pennsylvania, Wayne Cnty.*, No. 22-1506, 2023 WL 3376547, at *2 (3d Cir. May 11, 2023), *cert. dismissed sub nom. Brown v. Pennsylvania*, 144 S. Ct. 272 (2023), *reconsideration denied*, 144 S. Ct. 417 (2023); *see also Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (stating that a "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)).

[3] Criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."). Indeed, the United States Supreme Court has stated that, unless specifically provided for, federal criminal statutes rarely create private rights of action. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute"); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone.").

§§ 241, 242, and 249,[4] and federal civil statutes, 42 U.S.C. §§ 1981, 1982, 1985, and 1988.[5] (*Id.* at 6.) Fata also asserts, without further detail, that his rights under the Fourth, Ninth, and Fourteenth Amendments to the United States Constitution have been violated. (*Id.* at 6.) He alleges state law claims including assault, battery, willful misconduct, negligence, and abuse of the legal system, again without further explanation. (*Id.*) He seeks "$25,000 dollar per defendant" and requests that the Delgados be "arrested, and brought to justice."[6] (*Id.* at 5.)

---

[4] The federal criminal statutes cited by Fata do not provide an individual a private cause of action. *See Rodriguez v. Salus*, 623 F. App'x 588, 589 n.1 (3d Cir. 2015) (*per curiam*) (finding that the plaintiff's claims attempting to initiate criminal charges under 18 U.S.C. § 241 were properly dismissed because "there is no federal right to require the government to initiate criminal proceedings." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) (*per curiam*) (no civil cause of action created by 18 U.S.C. § 242); *Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (*per curiam*) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez."); *Wolfe v. Beard*, No. 10-2566, 2011 WL 601632, at *2 (E.D. Pa. Feb. 15, 2011) ("[T]here is no private right of action under 18 U.S.C. § 249."). Any claims purportedly based on these statutes must be dismissed.

[5] 42 U.S.C § 1981 prohibits racial discrimination in the making and enforcement of contracts and property transactions contracts. 42 U.S.C. § 1982 prohibits racial discrimination in transactions relating to real and personal property. 42 U.S.C. § 1985(3) creates a cause of action against any two persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ." 42 U.S.C. § 1985(3). Fata does not include any allegations about race or racial animus and there is no suggestion that any contractual relations or conspiracies exist among the named Defendants. Accordingly, §§ 1981, 1982 and 1985 are not applicable. *See Johnson v. Pers.*, 781 F. App'x 69, 73 (3d Cir. 2019) (affirming dismissal of claims brought pursuant to §§ 1981 and 1982 for failure to state a claim because there were no contract or property rights involved in the alleged deprivation of rights); *Groce v. City of Philadelphia. L. Dep't*, No. 21-5132, 2022 WL 493418, at *7 (E.D. Pa. Feb. 17, 2022) (dismissing conspiracy claim as wholly conclusory where the plaintiff failed to alleged facts regarding the formation of a conspiracy between any Defendants or any other individuals, the period of the conspiracy, or actions taken by the alleged conspirators to achieve the alleged purpose thereof). 42 U.S.C § 1988, which provides for an award of attorneys' fees in certain circumstances, does not provide a basis for an independent right of action. *See Vecchia v. Town of Hempstead*, 927 F. Supp 579, 580-81 (E.D.N.Y 1996) (citing *North Carolina Dep't of Transp. v. Crest Street Comm. Council, Inc.*, 479 U.S. 6, 14 (1986). These claims will be dismissed.

[6] To the extent that Fata seeks to initiate criminal charges against any Defendant, the Court has no authority to order such relief. *See Kent v. Ed Carber Inc.*, 467 F. App'x 112, 113 (3d Cir.

## II. STANDARD OF REVIEW

The Court will grant Fata leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this case.[7] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Additionally, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is

---

2012) (*per curiam*) (affirming dismissal of claims seeking initiation of criminal charges because "a private person does not have a 'judicially cognizable interest in the prosecution . . . of another'") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).)

[7] Fata has set forth the steps taken to secure his prisoner account statement. (*See* ECF No. 6.) Although he has not been able to obtain a certified copy of his prisoner account statement for the time period from June 30, 2024 through December 30, 2024, this Court finds that Fata has substantially complied with the directives of 28 U.S.C. § 1915(a)(2) and will permit him to proceed *in forma pauperis* in this matter. Because Fata is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Fata is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Also, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III. DISCUSSION

Fata alleges that there is a vast conspiracy to frame him and coverup sexual abuse on his children. (Compl. at 8.) He asserts that the conspiracy, which spans across two states, was started in 2017 by a "[C]hristian religious based organization that has invaded the communities/societies in areas [his] children, and [he] were involved in" and that members of the conspiracy have "recruited many . . . relatives, and government officials" to oppress him "religiously, psychologically, [and] systematically." (*Id.*) Fata avers that the Delgados are aware that he is "being oppressed by government officials" and he maintains that by their actions, they are "assisting with the oppression." (*Id.* at 4.)

Fata's allegations concerning a vast conspiracy are wholly incredible and lack a basis in fact. Accordingly, the Court will dismiss any claims based on Fata's conspiracy allegations as factually baseless, without leave to amend. *See, e.g., Caterbone v. Nat'l Sec. Agency*, 698 F. App'x 678, 679 (3d Cir. 2017) (*per curiam*) (dismissing appeal as lacking an arguable basis in fact where underlying allegations were based on plaintiff's assertion that he was a "victim of U.S. sponsored mind control and cointelpro harassment program"); *Mina v. Chester Cnty.*, 679 F. App'x 192, 195 (3d Cir. 2017) (*per curiam*) (affirming dismissal of plaintiff's claims that 62 defendants had a vast conspiracy against him spanning twenty years); *Price v. Fed. Bureau of Investigation*, No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020), *aff'd*, 845 F. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that "numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental functions' and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior"); *Jorge v. Torres*, No. 18-14674, 2019 WL 2385942, at *3 (D.N.J. June 6, 2019) ("Plaintiff's factual allegations that the Police are monitoring his every move and that the Police do so by telephone recruitment 'of informants, spies, and willing constituates [sic]' is exactly the type of 'fantastic or delusional scenario[ ]' warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)." (alterations in original)).

Moreover, to the extent that Fata seeks to assert any federal constitutional claims against the Delgados, he has failed to state a plausible constitutional claim. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a

person acting under color of state law."[8] *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995).

Fata does not provide any factual allegations with respect to the Delgados that would support an inference that they were acting under color of state law when they allegedly failed to return Fata's property. *See Massey v. Crady*, No. 17-241, 2018 WL 4328002, at *6 (W.D. Pa. Aug. 8, 2018) ("Private citizens . . . are not state actors, and therefore . . . any § 1983 claims against [them] should be dismissed."); *Brett v. Zimmerman,* No. 15-2414, 2018 WL 6576412, at *6 (M.D. Pa. Nov. 2, 2018) (recommending dismissal of § 1983 claims against private individual as frivolous), *report and recommendation adopted*, 2018 WL 6567721 (M.D. Pa. Dec. 13, 2018); *Toroney v. Woyten,* No. 86-4871, 1986 WL 11081, at *1 (E.D. Pa. Oct. 3, 1986) (dismissing § 1983 claims against private actor as frivolous); *see also Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (*per curiam*) (affirming dismissal of constitutional claims against landlord because landlord was not a state actor).

Finally, to the extent that Fata intended to raise any state law claims, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or

[8] Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[9] Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co*., 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011). " [T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App' x 308, 309 (3d Cir. 2010).

Fata does not allege the state citizenship of any party to this suit, but provides Pennsylvania addresses for each of the Defendants, which suggests that both Defendants may be citizens of Pennsylvania. (*See* Compl. at 1.) Moreover, because Fata seeks damages in the amount of $50,000 (*id.* at 5), it does not appear that the amount in controversy has been met. Accordingly, Fata has not alleged a basis for the Court's jurisdiction because he has failed to meet his burden of establishing complete diversity in this case. *See Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020). Because the Complaint fails to allege a basis for diversity jurisdiction, the Court will dismiss any state law claims for lack of subject matter jurisdiction.

---

[9] Because the Court has dismissed Fata's federal claims, it will not exercise supplemental jurisdiction over any state law claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Fata leave to proceed *in forma pauperis* and dismiss his Complaint. The Court will dismiss Fata's conspiracy claims as factually frivolous. Any federal constitutional claims Fata sought to assert will be dismissed with prejudice and without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Fata's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. The Court concludes that amendment would be futile because Fata cannot cure the noted deficiencies in the Complaint. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile."). His motion for a stay will be denied.[10] A final Order follows, which dismisses this case.

**BY THE COURT:**

***/s/ Mitchell S. Goldberg***
**MITCHELL S. GOLDBERG, J.**

[10] Fata seeks a stay of proceedings pursuant to Federal Rule of Civil Procedure 62(b). (ECF No. 5.) Rule 62 governs when a party is entitled to a stay of proceedings to enforce a judgment. *See* Fed. R. Civ. P. 62. The rule is not applicable to this case.